UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY USSERY,<br><br>Defendant. | No. 2:24-cv-03698-TLN-CSK<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Kimberly Ussery's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1, 2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of San Joaquin, due to lack of subject matter jurisdiction.

///

///

///

///

///

///

1

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 26, 2024, Defendant filed a *pro se* Notice of Removal removing to the instant Court what appears to be an unlawful detainer action from the San Joaquin County Superior Court.  (ECF No. 1.)  Defendant did not attach a state court complaint ("Complaint") to the Notice of Removal or indicate the basis for this Court's jurisdiction.  (ECF No. 1-1.)

**II.   STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 386.  Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

**III.  ANALYSIS**

Although Defendant did not indicate the basis for this Court's jurisdiction, the Court presumes Defendant believes the basis to be federal question jurisdiction as the U.S. Government is not a party to this action and Defendant indicates she and Plaintiff are citizens of California

2

such that there is no diversity between the parties.  (ECF No. 1-1.)  However, to the extent Defendant believes the basis for this Court's jurisdiction to be federal question, the Court cannot determine whether the action arises under federal law without the underlying Complaint.  *See Caterpillar*, 482 U.S. at 386 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").  Defendant refers to the state court action as being an unlawful detainer action.  (*See generally* ECF No. 1.)  Generally, such actions are grounded solely in state law.  To the extent Defendant is arguing some aspect of that action is unconstitutional, such an argument likely relates to an affirmative defense or potential counterclaim, which cannot be considered in evaluating whether a federal question appears on the face of Plaintiff's Complaint.  *See Vaden*, 556 U.S. at 60–62.  In any event, Defendant bears the burden of showing removal is proper.  *See Gaus*, 980 F.2d at 566.  By failing to attach the Complaint, Defendant has not met her burden.

As there are no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.    CONCLUSION**

For the reasons stated above, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the San Joaquin County Superior Court.

IT IS SO ORDERED.

Date: January 8, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE